UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

JUVAN JAMES BROWN,

    Petitioner,

v.                                       CIVIL ACTION NO. 5:24-cv-00062

WARDEN W. HOLZAPFEL,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are Petitioner Juvan James Brown's Letter- Form Motion for Extension of Time to File Objection [Doc. 13] and Objections to Proposed Findings and Recommendations [Doc. 14], both filed July 9, 2024.

**I.**

Juvan James Brown instituted this action on February 8, 2024, pursuant to 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed February 8, 2024. [Doc. 1]. Respondent Warden Holzapfel's filed a Motion to Dismiss contained in their response, filed March 13, 2024. [Doc. 8]. This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [Doc. 2]. Magistrate Judge Eifert filed her PF&R on June 6, 2024. [Doc. 10]. Magistrate Judge Eifert recommended that the Court grant the Warden's Motion to Dismiss, deny Mr. Brown's § 2241 Petition, and that this case be dismissed and removed from the docket of the court. [*Id*.]. Objections to the PF&R were due by June 24, 2024. No objections were initially filed. On July 1, 2024, the Court entered an Order adopting the PF&R, and subsequently granted the Respondent's Response/Motion to

Dismiss, denied Mr. Brown's Petition for Writ of Habeas Corpus, and removed the matter from the docket. [Doc. 11]. The Court's Judgment Order was filed the same day. [Doc. 12].

On July 9, 2024, Mr. Brown requested an extension of time for his objections [Doc. 13]. Mr. Brown's request for extension asserts due to a facility lock down he "was not able to go to commissary until June 24, 2024, to purchase mailing stamps to meet the deadline." [Doc. 13].

On the same date, Mr. Brown filed his objections. [Doc. 14-1]. Mr. Brown's objections express his belief that (1) in light of *Tinker v. Des Moines*, his "single offense at age 15 did not cause disruption, and the subsequent lack of offenses supports the argument that the petitioner has rehabilitated and is not longer a threat to society", (2) he participated in a federal judicial practice externship in 2023, and (3) our Court of Appeals "emphasize[s] the importance of considering the context and facts of each case." [*Id*. at 2].

On September 16, 2024, Mr. Brown filed a Letter-form Supplemental Response in opposition to the Motion to Dismiss. [Doc. 15]. He reiterates his allegations regarding his Prisoner Assessment Tool and Targeting Estimated Risk and Needs ("PATTERN") assessment and his conviction that the Adam Walsh Act is erroneously being applied to his sentence. [*Id.*]. He contends "he should not have been assigned two points for the sentence imposed in 1993 because that sentence was imposed more than ten years before [his] underlying offense." [*Id*. at 1].

## II.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the

2

report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460. Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.

Mr. Brown objects to Magistrate Judge Eifert's findings inasmuch as he continues to allege an erroneous Walsh application and he asks the Court "to waive the Public Safety Factor (referred to as "SOPSF") the BOP has applied to him." [Docs. 14, 14-1]. Specifically, he asserts that "[t]he Walsh application, filed 31 years ago, is based on a single sex offense committed at the age of 15. The petitioner argues that the application should be removed due to the lack of subsequent sex offenses as an adult and the significant passage of time since the offense." [Doc. 14-1]. Magistrate Judge Eifert's PF&R addressed (1) the application of FSA Time credits, and (2) the expungement of juvenile conviction. [Doc. 10]. Mr. Brown does not address any contention with the expungement in his objections.

Magistrate Judge Eifert exhaustively conducted an analysis in her PF&R regarding the application of FSA time credits and the application of those credits regarding Mr. Brown. She provided that pursuant to 18 U.S.C. § 3624(g)(1)(A)–(D),

> [t]o apply the earned time credits, a prisoner must have (A) earned time credits equal to the remainder of the imposed term of imprisonment, (B) shown a demonstrated recidivism risk reduction or maintained a minimum or low recidivism risk during the term of imprisonment, (C) had the remainder of the imposed term of imprisonment computed, and (D) been assessed to be a minimum or low recidivism risk level at the most recent assessment, or the two most recent assessments.

[*Id*. at 5]. Mr. Brown asserts both in his petition and his objections that he is eligible for time credits. Magistrate Judge Eifert assessed, "Brown is clearly incorrect, under the plain language of the statute—only inmates with minimum or low recidivism risk levels are automatically eligible to apply their FSA time credits." [*Id*.]. Moreover, if an incarcerated individual lacks a minimum or low recidivism risk level, a petition with the Warden for an individualized review and approval must be submitted. *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II); 28 C.F.R. § 523.44(c)(2). Here, as Magistrate Judge Eifert aptly pointed out, Mr. Brown is a medium recidivism risk level, and "he has not had a petition to apply time credits approved by the Warden" and thus is not eligible for the application of FSA credit. [*Id*. at 6].

However, Mr. Brown's objection emphasizes, as did his complaint, that his score would be low if not for the juvenile sex offense conviction from thirty years prior. [*See generally* Doc. 14-1; *see also* Doc. 1 at 6]. Magistrate Judge Eifert addressed this concern in her PF&R when she carefully examined the PATTERN assessment for Mr. Brown along with the FSA Recidivism Risk Assessment. Mr. Brown purports the matter at the heart of his contention was a battery, however, "records from the sentencing court indicate the conviction involved the sexual touching of a female at a high school in 1993." [*Id*. at 7]. As a result, the conviction was considered a "Walsh

4

w/Conviction" factor on Mr. Brown's PATTERN worksheet, resulting in an additional two points to his general recidivism score. [*See* Doc. 8-1 at 5]. Despite Mr. Brown's continued efforts that the Walsh application was in error, as Magistrate Judge Eifert noted, the application "[sic] comports with BOP Policy Statement 5394.01, which states than an inmate with a conviction resulting from unlawful sexual conduct will be designated as having a 'Walsh Act History with Conviction.'" [Doc. 10 at 7]. Furthermore, Mr. Brown stresses that juvenile status of the conviction precludes it from his PATTERN assessment, yet, he (1) "does not cite any sources for this proposition" and (2) Magistrate Judge Eifert could not "find any sources stating that, in assessing an inmate's recidivism risk, the BOP may not consider juvenile convictions and is limited to considering state offenses which match the elements of a federal offense." [*Id*. at 8].

   Magistrate Judge Eifert noted Mr. Brown could be "referring to the United States Sentencing Guidelines, which feature similar rules that apply when the sentencing court determines a defendant's criminal history score and career offender status." [*Id.*; referencing U.S.S.G. § 4A1.1(b), Application Note 2; *see also United States v. Green*, 996 F.3d 176, 180 (4th Cir. 2021))]. Her hypothesis proved correct as Mr. Brown's Letter-form Supplemental Response suggests this was indeed what he was attempting to convey. [Doc. 15]. Specifically, Mr. Brown states his belief that, "in accordance with the U.S.S.C. Guidelines Manual Section's 4A1.2(k); 4A1.2(c)(2); 4A1.2(D); and 5H1.1, [he] should not have been assigned two points for the sentence imposed in 1993 because that sentence was imposed more than ten years before [his] underlying offense." [*Id*. at 1]. Mr. Brown cites *United States v. Vanderhost* and implies his issue is similar in nature. [*Id.*; *see generally United States v. Vanderhorst*, 927 F.3d 824, 824-830 (4th Cir. 2019) (providing that a clerical error mischaracterizing a prior state conviction did not warrant a resentencing)]. Despite his continuous efforts, Mr. Brown is mistaken -- the application of the

5

Walsh Act regarding his FSA is not clerical error. Thus, *Federal Rule of Criminal Procedure* 36 and *United States v. Vanderhost* are not appropriate vehicles for the result Mr. Brown desires.

In addition to the thorough analysis within the PF&R, Magistrate Judge Eifert noted even if Mr. Brown's calculation was erroneous, "18 U.S.C. § 3625 seems to prohibit judicial review of a prisoner's PATTERN score or recidivism risk level." [*Id.* at 9]. This Court agrees with both Magistrate Judge Eifert and Respondent that "18 U.S.C. § 3625 excludes from judicial review 'any determination, decision, or order' made under Chapter 229, subchapter C—§§ 3621–3626." [*Id.*]. Notably, the "subchapter includes the implementation of the risk and needs assessment system, 18 U.S.C. § 3621(h), and the BOP's eligibility determinations with respect to the application of FSA time credits. 18 U.S.C. § 3624(g)(1)." [*Id.*].

Inasmuch as Mr. Brown relies on *Tinker v. Des Moines*, his reliance is inappropriate. *See generally Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 733-747 (1969) (providing students were protected under the First Amendment for certain rights of expression and they did not lose this right unless substantial disruption to the educational environment occurred)).

Based on the foregoing discussion and the contents of the PF&R, the Court **OVERRULES** Mr. Brown's objection.

### IV.

Accordingly, the Court **GRANTS** the Motion for an Extension of Time to Object to the PF&R [**Doc. 13**], and **DENIES** Mr. Brown's Objections to the PF&R [**Doc. 14**].

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTERED: January 2, 2025



Frank W. Volk
Chief United States District Judge

6